IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARSHA G. SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV319 |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMMER, INC., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's motion for summary judgment, Filing No. 28, plaintiff's motion to dismiss without prejudice, Filing No. 31. This is an action for negligence and strict liability in tort. Plaintiff seeks damages for injuries allegedly caused by an artificial knee that was designed and manufactured by the defendant.

In its motion for summary judgment, Zimmer asserts that it is entitled to summary judgment because the plaintiff has failed to disclose or produce expert testimony that the device was defective or that the defect caused plaintiff's injuries. Plaintiff thereafter moved to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). Defendant opposes a dismissal without prejudice. See Filing No. 32, Defendant's Brief. Plaintiff was granted an extension of time in which to respond to defendant's motion for summary judgment, pending resolution of the motion to dismiss. Filing No. 34.

The record shows that the plaintiff was ordered to serve Rule 26(a)(2) expert disclosures by December 1, 2006. Filing No. 20, Final Progression Order. On that date, plaintiff identified Dr. Sekundiak and Dr. Fischer as her treating physicians and indicated they would testify in accordance with their medical records.[1]  See Filing No. 30, Index of

---

[1] Generally, a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B) so as to require that the disclosure be accompanied by a written expert report containing a complete statement of the expert's

Evidence, Ex. F, Plaintiff's Rule 26(a)(2) Required Disclosure. Plaintiff also moved for, and was granted, an extension of time to January 3, 2007, to serve disclosures and expert reports under Fed. R. Civ. P. 26(a)(2). *See* Filing No. 21, Motion for Extension of Time; Filing No. 23, Order. Plaintiff has not disclosed any additional expert witnesses or served any expert reports.

Plaintiff's treating physicians' opinions relate to her medical treatment and not to design or manufacture of the device at issue. *See* Filing No. 30, Index of Evid., Ex. A, Deposition of Dr. Brett W. Fischer; Ex. C, Deposition of Dr. Todd W. Sekundiak. Defendant's experts' reports indicate that the experts will testify that the device was not defective. *See* Filing No. 30, Index of Evidence, Exs. D1 & E1, Experts' Reports.

Under Fed. R. Civ. P. 41(a), plaintiff is entitled to a dismissal without prejudice at any time before service of defendant's answer or motion for summary judgment, whichever first occurs, or by stipulation of all parties. Otherwise, dismissal on plaintiff's motion requires an order of court. Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. *See Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir. 1987). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the sound discretion of the district court. *See, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir. 2005). In determining whether to grant a plaintiff's motion for voluntary dismissal, a district court should consider the following factors: (1) whether the plaintiff has presented a proper explanation for the desire to dismiss, (2) whether the defendant has expended considerable effort and expense in preparing for trial, (3) whether the plaintiff

---

opinions and the basis therefor. *See* Fed. R. Civ. P. 26 (a)(2), advisory committee notes, 1993 amendments.

exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether the defendant has filed a motion for summary judgment. *Paulucci,* 826 F.2d at 783. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir. 2006)(*quoting* Fed. R. Civ. P. 1).

Under Nebraska law, expert evidence is necessary to establish the elements of product defect and causation in a products liability case. *See e.g., Laird v. Scribner Coop.,* 466 N.W.2d 798, 804 (Neb. 1991) (a plaintiff must present expert testimony to show that a product is defective when standards of product performance are not generally known); *Durrett v. Baxter-Chrysler Plymouth, Inc.,* 253 N.W.2d 37, 39 (Neb. 1977) (same); *Schafersman v. Agland Coop.,* 681 N.W.2d 47, 56 (Neb. 2004 )(a plaintiff must present admissible expert testimony to rebut a defendant's prima facie showing that no scientific basis supports a causative link between the alleged defect and the plaintiff's injuries); *see also Hanzlik v. Paustian,* 216 Neb. 575, 578 (Neb. 1984) (involving medical malpractice).

The plaintiff cannot establish essential elements of her products liability claim without expert testimony. The absence of expert evidence of defective design or manufacture and of causation would warrant an entry of summary judgment in favor of the defendant. Under the progression order, the plaintiff can no longer disclose additional experts. The filing of her motion to dismiss without prejudice is an indication that she cannot refute the defendant's experts.

The plaintiff has propounded no cause or explanation for a dismissal without prejudice. The record shows that the defendant has presented considerable effort and

expense in preparation for trial. Also, plaintiff's motion to dismiss was preceded by an arguably meritorious motion for summary judgment. It thus appears that plaintiff has shown a lack of diligence in pursuit of her action. Accordingly, the court finds that plaintiff's motion to dismiss should be granted, but that the dismissal should be with prejudice.

Defendant's motion for summary judgment is rendered moot by this finding.

IT IS ORDERED:

1. Plaintiff's motion to dismiss (Filing No. 31) is granted.

2. Defendant's motion for summary judgment (Filing No. 28) is denied as moot.

3. This action is dismissed with prejudice.

DATED this 7th day of May, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge